THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM S. MENGEDOHT *et al.*, Defendants-Appellants.

(Nos. 74-215, 16 cons.;

Second District (2nd Division)—September 24, 1975.

Ralph Ruebner and Adam Lutynski, both of State Appellate Defender's Office, of Elgin, for appellants.

John H. Maville, State's Attorney, of Belvidere (James W. Jerz, Edward N. Morris, and Martin P. Moltz, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

These two cases are consolidated for the purposes of this appeal since both present one identical issue—whether the mandatory parole term provided by the Unified Code of Corrections is unconstitutional.

William S. Mengedoht and John T. Hawes were both charged with the murder of Ace Anthony. Defendant Mengedoht entered a plea of guilty and defendant Hawes was tried and found guilty by a jury. Both were sentenced to a term in the penitentiary for not less than 20 nor more than 50 years.

Murder is a felony subject to an indeterminate sentence and by the terms of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(1)) entails, in addition to the sentence of imprisonment, an automatic parole period of 5 years. Section 5—8—1(e)(1) reads as follows:

> "(e) Every indeterminate sentence shall include as though written therein a parole term in addition to the term of imprisonment. Subject to earlier termination under Section 3—3—8, the parole term shall be as follows:
>
> (1) for murder or a Class 1 felony, 5 years;  *  *  *"

In addition to the foregoing, section 3—3—9(a)(3)(i) of the Unified Code provides that:

> "(a) If prior to expiration or termination of the term of parole, the parolee violates a condition of parole, the Parole and Pardon Board may:
>
> (3) revoke the parole and reconfine the person for a term computed in the following manner:
>
> (i) the recommitment shall be for that portion of the imposed maximum term of imprisonment or confinement which had not been served at the time of parole, less the time elapsed between the parole of the person and the commission of the violation for which parole was revoked, and, in addition, if the person was sentenced on or after the effective date of this Act the parole term; and  *  *  *"

It is the contention of the defendant that the effect of these two provisions of the Unified Code of Corrections with regard to mandatory parole, is to allow the Parole and Pardon Board to exercise a judicial function—the function of sentencing—by increasing the sentence of con-

finement beyond the maximum term imposed by the court. The defendants argue that since the Parole and Pardon Board has the power to determine a parole violation and to impose an additional term of confinement if it determines a condition of parol has been violated, without further judicial process, there is an invasion of the judicial power by an administrative body and under the separation of powers doctrine such exercise of judicial power is unconstitutional.

This exact question was raised on the court's own initiative as plain error in the case of *People v. Wills*, 23 Ill.App.3d 25 (4th Dist.), wherein the court decided the mandatory parole provision was unconstitutional. On appeal, however, our supreme court did not pass on this issue (*People v. Wills*, 61 Ill.2d 105) saying:

> "This record, however, does not present for decision the question whether the statutes are unconstitutional. At this time defendant is not eligible for parole, and there is no basis for application of the statutory provisions which the appellate court held invalid." 61 Ill.2d 105, 109.

We note that the question of constitutionality of the mandatory parole provision is raised here for the first time—there was no reference to it at the trial level and it was not considered there. While the Fourth Appellate District Court treated the question of the state's unconstitutionality as plain error, and considered it on its own initiative, we are not inclined to do so. The general doctrine is that issues, other than a question of jurisdiction, not raised in the trial court, are waived and will not be considered on appeal. (*People v. Amerman*, 50 Ill.2d 196; *People v. Luckey*, 42 Ill.2d 115; *People v. Hale*, 31 Ill.2d 200.) This court followed that rule in the recent cases of *People v. Cooper*, 17 Ill.App.3d 934, and *People v. Shaw*, 31 Ill.App.3d 555 (2nd Dist.). This general principle has, we think, particular application in the case before us, since the defendants were admonished as to the mandatory parole provision in the general admonishment under Supreme Court Rule 402 by the trial court.

In any event, however, since the identical question was raised in *Wills* and our supreme court declined to consider it on the ground that the situation had not developed to the point of parole and no injury had yet occurred, we are constrained to reject the constitutional argument raised by these defendants, inasmuch as the same consideration applies in this case.

The judgment of the trial court is therefore affirmed. Judgment affirmed.

T. MORAN and DIXON, JJ., concur.