THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM MENGEDOHT, Defendant-Appellant.

Second District    No. 80-67

Opinion filed December 23, 1980.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

John Maville, State's Attorney, of Belvidere (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, William Mengedoht, appeals from an order denying his petition for post-conviction relief. (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) The central issue is whether the failure to raise a claim of ineffective assistance of trial counsel on direct appeal and at his post-conviction hearing precludes raising the issue for the first time on appeal from post-conviction proceedings. We hold it does under the circumstances present here and affirm the judgment of the Circuit Court of Boone County.

Defendant entered a plea of guilty to murder on February 5, 1974, and was sentenced to a term of 20 to 50 years imprisonment. We affirmed the judgment of conviction on direct appeal, rejecting defendant's sole contention that the mandatory parole term provisions of the Unified Code of Corrections is unconstitutional. (*People v. Mengedoht* (1975), 31 Ill. App. 3d 1084.) Defendant thereafter filed a *pro se* petition for post-conviction relief on September 21, 1978, alleging that the statement which he made to police officers at the time of his arrest was the product of coercion and that he was persuaded to plead guilty by threats and intimidation. Defendant's appointed counsel filed an amended petition which alleged that the confession and subsequent guilty plea were involuntary on these grounds: that defendant was not properly given his *Miranda* rights, was interrogated in a small room by several different police officers using coercive and intimidating tactics, was denied the opportunity to make a telephone call until after the interrogation was completed, was told by the police that if he confessed the judge would take into consideration his cooperation and that the confession ultimately given the police was instrumental in the disposition of the case in the trial court. The State moved to dismiss the petition without an evidentiary hearing on the ground that defendant had failed to raise the voluntariness issue on direct appeal and was therefore barred by *res judicata* from raising it now.

At the hearing of the State's motion to dismiss held by the trial court on July 6, 1979, defendant testified that he was arrested for the murder of Ace Anthony on September 28, 1973, and transported to the Boone County sheriff's department. He stated that he was interrogated by three to four police officers in a small basement room for over three hours and

that he finally agreed to sign a statement implicating himself in the killing. Defendant also testified that twice during the interrogation he asked permission to phone his father and was told on both occasions that phone calls would be allowed after the questioning was completed. On cross-examination, defendant conceded that all of the allegations contained in the amended petition except the denial of phone calls were brought out at the hearing of his motion to suppress his confession which had been denied by the trial court prior to defendant's plea of guilty. Defendant testified that he did not know why his attorney had failed to disclose the phone call issue during the suppression hearing because the attorney had told him earlier that the matter would be brought up. The trial judge dismissed the post-conviction petition without an evidentiary hearing and this appeal followed.

The only issue raised in the original and amended post-conviction petitions is that defendant's confession and later guilty plea were involuntary. The trial court's decision to deny an evidentiary hearing on that issue was correct since defendant is barred by *res judicata* from raising in post-conviction proceedings all claims, including constitutional claims, that were raised or could have been raised on direct appeal. (*People v. Brown* (1972), 52 Ill. 2d 227; *People v. Ward* (1971), 48 Ill. 2d 117, *cert. denied* (1971), 404 U.S. 849, 30 L. Ed. 2d 87, 92 S. Ct. 155.) Defendant limited the direct appeal from his conviction to a sentencing related issue (*People v. Mengedoht* (1975), 31 Ill. App. 3d 1084), and is now precluded from challenging the validity of the confession or guilty plea in a post-conviction hearing. *People v. Healy* (1974), 23 Ill. App. 3d 214, 216-17.

Defendant appears to concede this much, but argues that his testimony in support of the amended petition raised the additional issue of whether he was denied effective assistance of counsel at the hearing of the motion to suppress his confession. He argues that his attorney failed to disclose the fact that he (defendant) was twice denied an opportunity to phone his father during the course of the interrogation and that this fact, had it been made known, would have justified suppression of the confession. *Haynes v. Washington* (1963), 373 U.S. 503, 10 L. Ed. 2d 513, 83 S. Ct. 1336.

We agree with defendant that *res judicata* does not bar consideration of this issue as the facts upon which the claim is based were outside the record on direct appeal. (*People v. Thomas* (1967), 38 Ill. 2d 321, 323-24.) Nor are we prepared to say that this issue has been waived by defendant's plea of guilty when there is an allegation that the denial of the motion to suppress influenced the voluntary and intelligent character of the plea. (*People v. Loy* (1969), 43 Ill. 2d 264; *People v. Bivens* (1976), 43 Ill. App. 3d 79, 81-82; *People v. Prater* (1974), 20 Ill. App. 3d 962 (abstract).) The claim of ineffective assistance of counsel, however, was not raised in these

post-conviction proceedings in the trial court by defendant's original or amended petition and was not orally argued at the hearing of the motion to dismiss. It is presented for the first time on appeal by the appellate defender in this court and section 122—3 of the Post-Conviction Hearing Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or amended petition is waived." (Ill. Rev. Stat. 1979, ch. 38, par. 122—3.) *People v. Cook* (1973), 11 Ill. App. 3d 216, relied upon by defendant does not justify relaxation of the waiver rule here because the promise of leniency issue in that case was first raised at the post-conviction hearing in the trial. See, *e.g., People v. Walker* (1980), 83 Ill. 2d 306.

For these reasons the judgment of the Circuit Court of Boone County is affirmed.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.