**UNITED STATES ex rel. Alexander MITCHELL, Petitioner,**

v.

**Richard DeROBERTIS, etc., et al., Respondents.**

**No. 81 C 6671.**

United States District Court, N.D. Illinois, E.D.

Nov. 10, 1982.

Harold C. Hirshman and John I. Grossbart, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for petitioner.

Tyrone C. Fahner, Atty. Gen., State of Ill., Darrell Panethiere, Asst. Atty. Gen., Chicago, Ill., for respondents.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Stateville Correctional Center ("Stateville") inmate Alexander Mitchell ("Mitchell") has brought this 28 U.S.C. § 2254 ("Section 2254") action against Stateville Warden Richard DeRobertis ("DeRobertis"). Mitchell claims deprivation of his Sixth Amendment[1] right to effective as-

---

1. As has become conventional practice, this opinion will refer directly to the underlying Bill of Rights provision rather than to the Four-

sistance of counsel during his state court trial. DeRobertis' answer to Mitchell's Amended Petition for Writ of Habeas Corpus (the "Petition," filed on Mitchell's behalf by counsel appointed to represent him in this Court [2]) seeks denial of the Petition. For reasons stated in this memorandum opinion and order, the Petition is dismissed without prejudice.

### Procedural History

This Court cannot entertain the merits of the Petition without first addressing the question of Mitchell's exhaustion of state remedies. To that end the background of this case must be examined in some detail.

Mitchell was first tried for the 1972 murders of Earl and Myrtle Ridgeway in April 1973. That trial ended in a mistrial because of the jury's inability to reach a verdict.

At his second trial Mitchell (represented by another attorney, Phillip Montalvo ["Montalvo"]) was convicted on both murder counts and sentenced to concurrent terms of 45 to 90 years. On direct appeal Mitchell's appellate counsel (yet another lawyer) did not challenge any aspect of the representation provided by Montalvo. Mitchell's conviction was affirmed by the Illinois Appellate Court in an unreported one-paragraph order, and the Illinois Supreme Court denied leave to appeal.

In 1978 Mitchell filed a pro se petition under the Illinois Post-Conviction Act (the "Act," Ill.Rev.Stat. ch. 38, §§ 122–1 to 122–7), raising (for the first time) an ineffective assistance of counsel claim in addition to the issues previously asserted on direct appeal. After counsel was appointed to represent him, Mitchell filed an amended petition, which reiterated the ineffective assistance contention but discarded the other issues. According to the amended petition,

Mitchell was deprived of his Sixth Amendment rights when his "lawyer made references to his past criminal history, thereby inflamming [sic] the passions of the jury and denying him a fair trial." Mitchell's petition was denied.

After two different lawyers obtained leave to withdraw as Mitchell's appointed counsel, he filed a pro se appeal from denial of his petition. In affirming that denial in an unreported per curiam order (*People v. Mitchell,* (5th Dist.1981)), the Illinois Appellate Court examined "the entire record on appeal" and found no error on the grounds asserted or "any potential ground for reversal" (slip op. at 1).

Undaunted by his lack of success, Mitchell filed a pro se Section 2254 petition here. This Court appointed counsel, who filed the Petition. They advanced not only the ineffective assistance contentions dealt with in the state post-conviction proceeding but several new grounds, based on Montalvo's claimed failure to:

(1) make any opening statement;

(2) object to the admissibility of certain evidence;

(3) heed the court's order barring potential witnesses who attended the trial from testifying;

(4) introduce a police report into evidence; and

(5) interview and prepare witnesses "who would have exculpated" Mitchell— witnesses whose testimony formed the basis of his alibi defense.

### Exhaustion of State Remedies

Ironically, more than a decade after the two deaths for which Mitchell is serving time, this Court is still compelled to exam-

---

teenth Amendment's Due Process Clause (which of course is the actual constitutional provision Mitchell seeks to invoke).

2. This Court extends special thanks to Harold C. Hirshman, Esq. and John I. Grossbart, Esq. of Sonnenschein Carlin Nath & Rosenthal, both for their willingness to serve pro bono publico and for the high quality of their representa-

tion—each element representing the best traditions of the profession. In the same vein, the extraordinarily high level of presentation on behalf of the State (by Assistant Attorney General Darrell Panethiere) helped light the Court's journey through the sometimes darkened intersections linking Illinois post-conviction remedies to federal habeas remedies.

ine a *threshold* procedural question:[3] Is Mitchell foreclosed from vindicating his new allegations in a state post-conviction proceeding? Because there is such a serious likelihood the Illinois courts would answer that question "no," this Court must currently reject the Petition on non-exhaustion grounds.

Concepts of exhaustion and waiver are closely intertwined in this case, for the availability of a further state post-conviction remedy turns on whether Mitchell has waived his new claims by failing to advance them in his appeal and first post-conviction petition.[4] If at least some of those claims remain unwaived by such procedural "defaults," the exhaustion requirement has not been satisfied.

 Waiver is clearly inapplicable to the direct appeal. True enough, under *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5 (1970) the waiver doctrine generally bars relitigation of issues that could have been but were not raised on direct appeal. But that principle is inoperative here:

1. As already indicated, the Illinois Appellate Court in the post-conviction proceeding ignored any waiver problem and reached the merits of Mitchell's original (and more restrictive) ineffective assistance claim.[5] Like considerations apply to his present expanded version of the same claim, based on different factual grounds.

2. Mitchell's present claims are "based in substantial part on evidence outside the record,"[6] *United States ex rel. Wil-*liams v. Israel,* 556 F.2d 865, 866 (7th Cir.1977), and are thus not waived for purposes of the Act. *See also People v. Edsall,* 94 Ill.App.3d 469 [49 Ill.Dec. 923], 418 N.E.2d 943, 946 (5th Dist.1981).

Accordingly Mitchell's original appeal would not bar a second post-conviction proceeding—at least as to ineffective assistance issues involving non-record evidence.

It is somewhat more difficult to assess the impact of Mitchell's narrower Sixth Amendment claim, made in his first post-conviction petition, on a second such petition. Act § 122–3 expresses the governing waiver rule:

Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.

If applied literally that section would provide a definitive answer. It would forbid litigation of any constitutional claims that could have been but were not raised in the first post-conviction hearing, even if rooted in non-record evidence. *See People v. Mengedoht,* 91 Ill.App.3d 239, 46 Ill.Dec. 840, 842, 414 N.E.2d 893, 895 (2d Dist.1980) (applying the waiver rule to a non-record ineffective assistance claim, asserted for the first time on appeal from the denial of post-conviction relief).

 However, Illinois courts have carved out a "fundamental fairness" exception to the statutory waiver principle. That exception would appear to give Mitchell access to a second post-conviction proceeding. Thus *People v. Hollins,* 51 Ill.2d 68, 70, 280 N.E.2d 710, 711–12 (1972) allowed a

---

3. Some 35 years ago this Court, then a law school student, helped expose the intolerable post-conviction labyrinth the Illinois courts had constructed to thwart prisoner petitions. Note, *A Study of the Illinois Supreme Court,* 15 U. of Chi.L.Rev. 107, 118–131 (1947), cited and quoted later that same year in *Marino v. Ragen,* 332 U.S. 561, 562, 568 n. 7, 569 n. 11, 68 S.Ct. 240, 241, 244 n. 7, 245 n. 11, 92 L.Ed. 170 (1947). Since the procedural reforms forced by *Marino* (of which the Act is one important aspect), both the Illinois dimensions of, and the general federal response to, post-conviction problems have changed. This opinion must grapple with some of the more arcane aspects of both, inducing a sense of deja vu in the author.

4. Nevertheless, the two doctrines are conceptually distinct. *See Engle v. Isaac,* 456 U.S. 107, 125, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982).

5. In so doing the Appellate Court pointed to Mitchell's contention that "his trial counsel on the post-conviction petition, the public defender, is closely associated with appellate counsel, the State Appellate Defender." *People v. Mitchell,* No. 80–107, slip op. at 2 (5th Dist. 1981) (per curiam).

6. That certainly appears true as to contentions (4) and (5) described in the "Procedural History" section of this opinion, and perhaps as to part of contention (3) as well.

second petition raising a constitutional claim not presented during the first post-conviction proceeding:

> Our examination of the record of the prior proceeding fails to disclose any effort by appointed counsel, in either the trial court or this court, to amend the *pro se* petition or argue any issue other than to oppose the People's contention that the post-conviction petition was not timely filed. Under the circumstances shown, justice and fundamental fairness dictate relaxation of the principle of waiver.

Similarly, the record here does not appear to disclose the requisite effort by any of Mitchell's appointed counsel (three different lawyers) to expand (or consider expanding) Mitchell's original pro se Sixth Amendment claim.[7] Accordingly it seems likely the Illinois courts would not apply the waiver rule of Act § 122–3 if Mitchell were to present his broadened ineffective assistance claim in another post-conviction petition.

Of course an Illinois court faced with such a second petition might possibly decline to invoke *Hollins'* fundamental fairness doctrine. But appropriate concerns for "Our Federalism" require that the issue be posed directly to the state court system, rather than this Court's speculating that Illinois courts would be unwilling to consider constitutional claims on the merits.[8]

This brings into play the principle restated by the United States Supreme Court just one week ago in its per curiam opinion in *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (citations omitted):

> In *Picard v. Connor,* 404 U.S. 270 [92 S.Ct. 509, 30 L.Ed.2d 438] (1971), we made clear that 28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.... It is not enough that all the facts necessary to support the federal claim were before the state courts, ... or that a somewhat similar state-law claim was made.... In addition, the habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim[9] ....

*Anderson* mandates a like "fair opportunity" for the Illinois courts to deal with Mitchell's new claims.

Illinois courts will in fact view the decision on Mitchell's first Sixth-Amendment-based petition as disposing of all other possible theories *on the merits,* as DeRobertis contends. It is true that the Illinois Appellate Court said, in reviewing the post-conviction hearing (No. 80–107, slip op. at 1):

> We have examined the entire record on appeal and find no error or potential grounds for reversal.

But there was no indication that Court in fact examined the issues now advanced. More importantly, some of Mitchell's new claims involve non-record evidence, while the Appellate Court concededly confined its attention to the record.

---

7. As DeRobertis points out, Mitchell's post-conviction hearing counsel Dennis Shevlin did allude to one additional instance of Montalvo's alleged incompetence to support Mitchell's own ineffective assistance theory. That theory, it will be recalled, was predicated on Montalvo's references to Mitchell's past criminal history (actually done through witness cross-examination). At the hearing Shevlin cited one additional instance: Montalvo's questioning of police officer Greer had elicited a reference to Mitchell's involvement in other criminal activity. That supplementation of Mitchell's own claim does not seem to show the level of effort called for by *Hollins'* fundamental fairness concept. And the brief filed by another of Mitchell's appointed counsel (who believed Mitchell's post-conviction appeal to be meritless and requested leave to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)) does not reflect any independent review of the trial court record. That brief superficially treats only the instances of claimed incompetence revealed by Mitchell and Shevlin.

8. Accord, *Matias v. Oshiro,* 683 F.2d 318, 319–20 (9th Cir.1982); *Domaingue v. Butterworth,* 641 F.2d 8, 12–13 (1st Cir.1981). For the same reason this Court need not decide whether the

9. This is not the only apt proposition stated in *Anderson.* Justice Stevens' dissent, *id.,* begins:

> Few issues consume as much of the scarce time of federal judges as the question whether a state prisoner adequately exhausted his state remedies before filing a petition for a federal writ of habeas corpus.

And the distress he expresses with the entire process exemplified by *Anderson* and this case, and the fostering of interminable delays by that process, is shared by this Court as well.

In sum, the substantial likelihood that Mitchell may pursue at least some of his ineffective counsel contentions under the Act causes his habeas petition to contain both exhausted and unexhausted claims. It must therefore be dismissed under *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).[10]

### Conclusion

Mitchell's Petition is dismissed under Section 2254(c) without prejudice, due to his apparent failure to exhaust available state remedies.

---

**10.** This resolution also makes it inappropriate to determine issues to which both parties have devoted much attention—those posed by *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *Engle v. Isaac,* 456 U.S. 107, 133, 102 S.Ct. 1558, 1574, 71 L.Ed.2d 783 (1982) and their progeny, such as *United States ex rel. Williams v. Franzen,* 687 F.2d 944 at 950 (7th Cir.1982) and *Norris v. United States,* 687 F.2d 899 (7th Cir.1982). Because those cases deal with the consequences of procedural *defaults* in state proceedings—a characterization that may or may not be accurate, depending on the state courts' resolution of Mitchell's second post-conviction petition—any current expression by this Court would be an impermissible advisory opinion.