THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALEXANDER B. MITCHELL, Defendant-Appellant.

Fifth District   No. 5—84—0328

Opinion filed June 28, 1985.

Zachary S. Weiss, of Greenberger, Krauss & Jacobs, Chartered, of Chicago, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and James P. Gallagher, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant Alexander Mitchell appeals from an order of the circuit court of St. Clair County denying his petition for post-conviction relief. Defendant's petition alleged that defendant was denied his right to effective assistance of counsel guaranteed by the sixth amendment to the United States Constitution. We cannot address the merits of defendant's petition without first determining whether defendant's post-conviction proceeding is barred by the principle of *res judicata.*

Defendant was first tried in April 1973 for the murder of Earl and Myrtle Ridgeway. The jury was unable to reach a verdict and a mistrial was declared. Throughout this first trial, defendant was represented by an assistant public defender. Following a second trial in July 1973, defendant was convicted of both murders and sentenced to concurrent terms of 45 to 90 years' imprisonment. Throughout the second trial, defendant was represented by a different attorney, Phillip Montalvo. Defendant's conviction was affirmed on direct appeal (*People v. Mitchell* (1976), 41 Ill. App. 3d 1074), and the Illinois Supreme Court declined leave to appeal. Defendant's appellate counsel (a third attorney) did not challenge any aspect of Montalvo's representation of defendant at trial.

In October 1978 defendant filed a *pro se* petition pursuant to the Illinois Post-Conviction Act (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*), raising for the first time the claim of ineffective assistance of trial counsel. After counsel was appointed to represent him, defendant filed an amended petition, alleging that defendant was deprived of his sixth amendment rights when his trial attorney "made references to [defendant's] past criminal history, thereby inflamming [*sic*] the passions of the jury and denying him a fair trial." Defendant's petition was denied. After two attorneys subsequently obtained leave to

withdraw as defendant's appointed counsel, defendant filed a *pro se* appeal from the denial of his petition. We affirmed the denial (*People v. Mitchell* (1981), 94 Ill. App. 3d 1207 (Rule 23 order)), stating that we had "examined the entire record on appeal" and found no error on the grounds asserted or "any potential grounds for reversal."

In November 1981, defendant filed a *pro se habeas corpus* petition in the United States District Court for the Northern District of Illinois. The court appointed counsel, and an amended petition was filed. The petition was dismissed for apparent failure to exhaust available State remedies. (*United States ex rel. Mitchell v. DeRobertis* (N.D. Ill. 1982), 553 F. Supp. 93.) Defendant thereupon filed a second petition for post-conviction relief in the circuit court. From the denial of this second petition, defendant now appeals to this court.

■ A defendant who neglects to raise on direct appeal a claim of inadequate representation may not subsequently assert the claim in a petition for post-conviction relief. (*People v. Killion* (1979), 76 Ill. App. 3d 862, 865, 395 N.E.2d 678.) Moreover, a defendant who fails to allege in an original or amended post-conviction petition any claim of substantial denial of his constitutional rights may not raise such a claim in a subsequent petition. (Ill. Rev. Stat. 1983, ch. 38, par. 122–3.) Nevertheless, exceptions to this established rule have been allowed in the interest of "fundamental fairness" (*e.g., People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710), and the Federal district court, foreseeing a "serious likelihood" that a second post-conviction petition would be allowed on this basis, reasoned that the question should be addressed directly by the Illinois courts. The district court thus held itself precluded from considering the merits of defendant's claim, dismissing without prejudice defendant's petition on the ground of defendant's failure to exhaust his State remedies.

■ The district court noted that this court, in affirming the denial of defendant's prior post-conviction petition, "ignored any waiver problem" and evaluated the merits of defendant's ineffective assistance claim. Having ignored the problem in the first instance, the district court reasoned, "[l]ike considerations apply to this present expanded version of the same claim, based on different factual grounds." (553 F. Supp. 93, 95.) In affirming the denial of defendant's prior petition, this court did not ignore the problem of waiver; rather, we addressed defendant's argument that the waiver rule was inapplicable because his appellate counsel on direct appeal was incompetent for failing to raise the claim of ineffective trial counsel. The determination of appellate counsel's competence was, in effect, dependent upon the merit of defendant's claim that he was not competently rep-

resented at trial. We accordingly examined defendant's claim of incompetent trial counsel and concluded that it was without merit. We further stated that, having examined the entire record, we found "no error or potential grounds for reversal."

Our prior judgment that defendant was competently represented on direct appeal, and, being competently represented, was not entitled to a relaxation of the waiver rule, would appear to preclude defendant's present claim on the grounds of *res judicata*. There is, however, a second consideration which prompted the district court to speculate that we might, in the interest of "fundamental fairness," hold that defendant had neither waived his claim of incompetent trial counsel by failing to raise it on direct appeal, nor exhausted the claim of incompetent appellate counsel by reason of our previous adjudication. The district court noted the grounds on which defendant, in his petition before the Federal court, alleged that his trial counsel was incompetent. These included the following grounds which were not set forth in defendant's initial post-conviction petition: (1) counsel's failure to make an opening statement; (2) counsel's failure to object to the admissibility of certain evidence; (3) counsel's failure to heed the court's order barring potential witnesses who attended the trial from testifying; (4) counsel's failure to introduce a police report into evidence; and (5) counsel's failure to interview and prepare witnesses "who would have exculpated defendant—witnesses whose testimony formed the basis of his alibi defense." The district court concluded that grounds (4) and (5), and possibly ground (3), appeared to constitute claims based in substantial part on evidence outside the record before this court in both the direct appeal and the original post-conviction proceeding. Because counsel in both prior actions failed to raise these issues, and, in so failing, failed also to compile a record by which this court could, upon examination, discover such error of its own accord, the district court reasoned that the consideration of "fundamental fairness" might prompt us to allow a second post-conviction petition notwithstanding our prior judgment:

> "[T]he record here does not appear to disclose the requisite effort by any of Mitchell's appointed counsel (three different lawyers) to expand (or consider expanding) Mitchell's original pro se Sixth Amendment claim. Accordingly it seems likely the Illinois courts would not apply the waiver rule of [the Illinois Post-Conviction] Act sec. 122—3 if Mitchell were to present his broadened ineffective assistance claim in another post-conviction petition." 553 F. Supp. 93, 96.

We agree that if counsel in the original post-conviction proceeding

failed to assert certain grounds of ineffective assistance of trial counsel, and if such grounds were predicated upon evidence outside the record presented to the appellate court, the failure to assert these grounds might evince ineffective assistance of counsel in the post-conviction proceeding, thus undermining our prior determination that defendant was competently represented on direct appeal. The thought of applying the "fundamental fairness" exception in the instant case, however, gives us pause, for such an application requires us to find, on the basis of the record now presented, that not one, but four attorneys were incompetent. We must find, in effect, that counsel on direct appeal was incompetent for failing to allege the competence of trial counsel, and that both attorneys who subsequently represented defendant in the first post-conviction proceeding were incompetent for failing to develop the argument that counsel on direct appeal was incompetent and for depriving this court of a record by which we could discover such incompetence.

It is our judgment that considerations of fundamental fairness do not compel us to entertain from defendant a second petition for post-conviction relief. We have examined the record and find that none of defendant's current allegations of his trial counsel's incompetence are predicated in substantial part on evidence which we can reasonably presume was not a part of the record in the prior post-conviction proceeding. The alleged failure of trial counsel to introduce a police report into evidence, asserted as a basis of ineffective assistance in defendant's petition before the Federal court, has not been asserted before this court. The alleged failure of trial counsel to interview and prepare witnesses whose testimony formed the basis of defendant's alibi defense, also asserted before the Federal court, has been presented to us as an argument that trial counsel should have employed more diligence in verifying the stories of defendant's alibi witnesses. Had counsel employed such diligence, defendant argues, counsel would have discovered that defendant's witnesses were lying, and, presumably, not elicited their testimony at trial. This argument is not predicated on evidence other than testimony contained in the trial transcript. It was thus discernable to this court in the prior post-conviction proceeding, even in the absence of defendant's present inferences and assertions as to what trial counsel should have done. The final alleged instance of incompetence which the Federal court reasoned might be predicated upon evidence not available in the record of the prior post-conviction proceeding concerns trial counsel's failure to ensure that two defense witnesses complied with the trial court's witness exclusion order. As a result of the witness' presence in the

courtroom during the presentation of the State's case, they were not allowed to testify. The trial court's ruling precluding the testimony of these witnesses, as well as the arguments of both attorneys regarding the ruling, is similarly a matter fully recorded in the transcript of the trial. Our examination of the entire record discloses no other alleged ground of incompetence substantially based on evidence which we may reasonably presume was not available to this court in the prior post-conviction proceeding.

Defendant's first post-conviction claim of ineffective assistance of trial counsel was waived by his failure to raise the issue on direct appeal. Defendant's instant post-conviction claim of ineffective assistance of trial counsel is precluded by this court's prior determination that defendant was competently represented on direct appeal, and that the record of the trial proceedings disclosed no ground for reversible error. We are not compelled by considerations of fundamental fairness to redetermine these issues, since defendant has alleged in the instant action no claim based in substantial part on evidence not available to this court in the record presented on the first post-conviction appeal.

For the reasons stated above, the denial of the post-conviction petition is affirmed.

Affirmed.

JONES, P.J., and WELCH, J., concur.