THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARNOLD CARLISLE, Defendant-Appellant.

Fourth District   No. 4—88—0186

Opinion filed September 13, 1988.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On February 18, 1988, defendant Arnold Carlisle filed a *pro se* petition for a writ of *habeas corpus* in the circuit court of Macon County. That court considered the petition to be for post-conviction relief. The trial court, in dismissing the petition, indicated the complaints "in this third post-conviction proceeding" were "frivolous and patently without merit to the point of harassment" and ordered the petition dismissed without general docketing. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).) Defendant appeals. We affirm.

A brief procedural history of this cause indicates that, following a jury trial in the circuit court of Macon County, defendant was convicted of four counts of armed robbery, three counts of aggravated battery, and one count of armed violence. His convictions were affirmed on direct appeal to this court. (*People v. Evans* (1979), 75 Ill. App. 3d 949, 394 N.E.2d 710.) On May 9, 1980, defendant filed a petition for post-conviction relief, which was heard in January 1983. The trial court denied the petition, and an appeal to this court was later dismissed on defendant's motion. On January 16, 1986, defendant filed a second petition for post-conviction relief, which was denied. This court affirmed the trial court's dismissal of that petition. *People v. Carlisle* (1986), 149 Ill. App. 3d 1165 (order under Supreme Court Rule 23).

Defendant maintains the trial court erred in dismissing his petition without first addressing the allegation that he had been denied his constitutional rights under *Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620. Defendant claims certain statements and confessions given by codefendants were entered into evidence, and he was not given an opportunity to confront or cross-examine his accusers as required by *Bruton*. He further claims that his prior counsel's failure to raise this issue on direct appeal or in a post-conviction proceeding or appeal therefrom rises to the level of incompetent assistance of counsel. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

■ The supreme court has recognized that the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1985, ch. 38, pars. 122—1 through 122—8) contemplates the filing of only one post-conviction petition. (*People v. Free* (1988), 122 Ill. 2d 367, 375, 522 N.E.2d 1184, 1188.)

Consistent with that act, the court has held that a ruling on a post-conviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition. (*Free*, 122 Ill. 2d at 376, 522 N.E.2d at 1188.) This is not to be taken as an "ironclad bar" to multiple post-conviction petitions, however, and subsequent post-conviction petitions may be filed where the original petitions were fundamentally deficient or where "fundamental fairness" requires a court to allow a second petition. *People v. Hollins* (1972), 51 Ill. 2d 68, 70, 280 N.E.2d 710, 712.

In *People v. Mitchell* (1985), 134 Ill. App. 3d 1075, 481 N.E.2d 736, as here, a defendant had (1) been tried and convicted; (2) appealed to the appellate court, which had affirmed; (3) filed a post-conviction petition in the trial court, which dismissed the petition; (4) appealed the dismissal to the appellate court; and (5) filed an additional post-conviction petition in the trial court, which again dismissed the petition. In *Mitchell*, the contention of the latest post-conviction petition was that the defendant had been deprived of his right to counsel at trial and on the direct appeal of his conviction.

The Fifth District, in deciding *Mitchell*, pointed out that the acts of incompetence alleged involved matters shown in the record. Thus, the court stated, for defendant's contentions of ineffective assistance of counsel to have been true, four successive attorneys would have had to be incompetent for failing to raise the issue.

■ Here, the dismissal of defendant's second post-conviction petition was affirmed on appeal, and he has filed a third post-conviction petition. Although we do not have a copy of the trial proceedings, the error complained of in this petition would have to be shown in the record. Accordingly, *Mitchell* is applicable. Thus, we conclude, as did the Fifth District in *Mitchell*, that when an issue, available for examination by so many attorneys, has not been raised, fundamental fairness does not require consideration of the issue in a subsequent post-conviction petition. If such a rule were not applied, the post-conviction process could continue indefinitely. The circuit court properly dismissed defendant's third post-conviction petition.

For the reasons stated, the decision of the circuit court to dismiss the instant petition summarily is affirmed.

Affirmed.

LUND and KNECHT, JJ., concur.