21 March 2000

NO. 4-98-0997

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) Livingston County

STANLEY BOCLAIR, ) No. 84CF151

Defendant-Appellant. ) 

) Honorable

) Harold J. Frobish,

) Judge Presiding.

_________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court: 

Defendant, Stanley Boclair, currently serving a term of natural life in prison for murder, appeals the trial court's sum­

mary dismissal of his supplemental petition for postconviction re­lief pur­suant to the Post-Con­vic­tion Hearing Act (Act) (725 ILCS 5/122-1 
et
 
seq
. (West 1998)) and postjudg­ment re­lief pur­

suant to sec­tion 2-1401 of the ­Code of Civil Pro­ce­dure (735 ILCS 5/2-1401 (West 1998)).  Defendant previ­ously ap­pealed his case directly to the Supreme Court of Illinois and peti­tioned the state and federal courts for postconviction re­lief without suc

cess.  We affirm.

I. BACKGROUND

In April 1986, a Livingston County jury convicted de­fendant of the 1984 murder of Thom­as Riley, a fellow inmate at the Pontiac Correctional Cen­ter.  Defendant was also convicted of conspiring to murder Riley.  De­fendant was sentenced to death on the murder conviction.  On di­rect ap­peal, the Su­preme Court of Illi­nois va­cat­ed defendant's death sen­tence but af­firmed his con­

vic­tions.  
Peo­ple v. Boclair
, 129 Ill. 2d 458, 544 N.E.2d 715 (1989).  In No­vem­ber 1991, defen­dant was resentenced to natu­ral life in pris­on.  The United States Supreme Court denied defen

dant's ­later peti­tion for a writ of 
cer­tio­rari
.  
Boclair v. Illi­

nois
, 503 U.S. 962, 118 L. Ed. 2d 213, 112 S. Ct. 1567 (1992).  
In Octo­ber 1992, the trial court sum­mari­ly dis­missed defendant's 
pro
 
se
 postconviction peti­tion, a ruling this court upheld in 
Peo­ple v. Boclair
, No. 4-92-0969 (August 12, 1993) (unpub­lished order under Supreme Court Rule 23), and the Su­preme Court of Illinois later de­nied leave to ap­peal.  In No­vem­ber 1997, the Unit­ed States Dis­trict Court for the Central Dis­trict of Illinois denied defendant's peti­tion for a writ of 
habe­as
 
cor­pus
.  

In August 1998, de­fen­dant sub­mit­ted a sup­ple­men­tal peti­tion for postconviction and postjudg­ment relief 
on grounds de­fense investiga­tors obtained "newly dis­cov­ered evi­dence" pur­

suing defendant's feder­al 
habeas
 
corpus
 challenge.  Ac­cording to the allegations, Ken­neth Broughton, one of two in­mates who tes­ti­

fied to ­seeing defen­dant fa­tally stab Riley and one of four who directly tied de­fen­dant to the kill­ing, now acknowl­edged he had per­jured him­self at tri­al.  The peti­tion al­leged Broughton's re­

can­tation seri­ously un­der­mined the State's case against defen­dant and re­vealed defendant's con­vic­tions were ob­tained in viola­tion of his con­sti­tu­tion­al rights.

   In his April 1998 sworn affidavit, Broughton stat­ed he did not actu­ally see anyone stab Riley but falsely ac­cused de­fen­

dant of the crime out of fear he would be im­pli­cated in the mur

der and because pris­on offi­cials promised him a pris­on trans­fer and agreed to reinstate some good-time credit to his prison sen­

tence in return for his testimony against defendant.  Broughton said he was re­cant­ing be­cause he "now real­ize[d] it was wrong to tes­tify un­truth­fully at [defendant's] trial."  Defen­dant as­serted in his supplemental peti­tion Broughton would not have re­cant­ed soon­er, hav­ing depended on his false testi­mony to obtain a pris­on transfer, and there­by had de­prived de­fen­dant of the op­por­tu­nity to un­cover this infor­mation earlier. 

    In November 1998, the trial court summari­ly dis­missed defendant's supplemental petition as "pa­tent­ly with­out merit."  Defendant now appeals and argues the cause should be re­mand­ed for an evidentia­ry hearing.

II. ANALYSIS

         Defendant contends he is entitled to a reversal of the trial court's summary dismissal of his supplemental petition and to an evidentiary hearing on the merits of the petition because Broughton's tes­ti­mo­ny con­sti­tutes newly discovered evidence that defendant is actu­ally inno­cent and the use of Broughton's per­

jured testimony at defendant's trial entitles him to both postconviction and postjudgment relief.  725 ILCS 5/122-1 
et
 
seq
. (West 1998); 735 ILCS 5/2-1401 (West 1998).

The State contends defendant's supplemental peti­tion is un­timely and successive ­­­and his claims also fail on the mer­its.  We agree defendant's peti­tion is pro­ce­dur­ally barred as un­time­ly and successive. 

Section 122-1(c) of the Act precludes the fil­ing of a postconviction peti­tion beyond three years after the date of con­

vic­tion or six months after denial for leave to appeal, which­ev­er is sooner, unless defendant alleges facts showing the delay was not due to his own culpa­ble negligence.  725 ILCS 5/122-1(c) (West 1998).  This limit ap­plies retro­ac­tive­ly to convictions made before the current limitations period.  
Peo­ple v. Bates
, 124 Ill. 2d 81, 84-86, 529 N.E.2d 227, 228-29 (1988); 
Peo­ple v. Rob­

in­son
, 140 Ill. App. 3d 29, 33-34, 487 N.E.2d 1264, 1266-67 (1986).  Fur­ther, the Act con­tem­plates the fil­ing of only one postconviction peti­tion unless pro­ceed­ings on the initial peti­

tion were defi­cient in some funda­men­tal way.  
People v. Ca­bal­lero
, 179 Ill. 2d 205, 211, 688 N.E.2d 658, 661 (1997); 
People v. Carlisle
, 174 Ill. App. 3d 454, 455-56, 528 N.E.2d 1029, 1030 (1988).  
Similarly, a section 2-1401 peti­tion filed be­yond the statute's two-year limi­tation period cannot be con­sid­ered ab­sent a clear showing the peri­od should be tolled due to legal dis­abil­

i­ty or du­ress or to fraud­u­lent con­cealment of the grounds for relief.  735 ILCS 5/2-1401(c) (West 1998); 
Ca­bal­le­ro
, 179 Ill. 2d at 210-11, 688 N.E.2d at 660-61.

These procedural hurdles are not superfluous.  A defen­

dant who claims the untimeliness of his belatedly filed postconviction peti­tion was not due to his own cul­pable negli­

gence must make a "sub­stan­tial show­ing" this is the case by al­

leg­ing facts supporting such a claim.  
Peo­ple v. McClain
, 292 Ill. App. 3d 185, 188, 684 N.E.2d 1062, 1064 (1997).  Like­wise, a defendant seek­ing sec­tion 2-1401 relief must not only al­lege facts dem­on­strating his opponent affirmatively attempted to pre­

vent dis­cov­ery of the pur­port­ed grounds for re­lief but also offer fac­tual alle­ga­tions demonstrating his good faith and rea­son­able dili­gence in trying to un­cov­er such matters before trial or with­

in the limi­ta­tions peri­od.  
Aroonsakul v. Flanagan
, 155 Ill. App. 3d 223, 227, 507 N.E.2d 1, 4 (1987).

These are significant standards and are not ­easi­ly over­come.  A de­fen­dant who asks the courts to apply exceptions to time limits or other stringent procedural bars in his case is affirmatively obliged to show why such ex­cep­tions ap­ply, and the bur­den upon the defendant is a heavy one.  He may not mere­ly as­

sert he is enti­tled to a leg­isla­tive or judi­cial excep­tion or make vague, conclusory as­ser­tions as to why such excep­tions apply in his case.  Rather, the defendant must also show clear­ly through factual allegations that he pre­vi­ously made dili­gent at­

tempts to un­cov­er mat­ters he now pur­ports enti­tle him to judi­cial re­lief or oth­er­wise dem­on­strate in significant detail how he could not have ob­tained such in­for­ma­tion be­fore the limi­ta­tions period expired or at prior postconviction pro­ceed­ings.  

Without such require­ments, pro­ce­dural bars en­acted by the legislature to be enforced by the courts to cur­tail ex­ces­sive and un­neces­sary ap­peals would be vir­tu­al­ly mean­ing­less and the State's le­gitimate inter­est in the finality of criminal liti­ga­

tion and judgments con­stantly disrupt­ed and jeopardized.  See 
People v. Flores
, 153 Ill. 2d 264, 274, 606 N.E.2d 1078, 1083 (1992), quoting 
Teague v. Lane
, 489 U.S. 288, 309, 103 L. Ed. 2d 334, 355, 109 S. Ct. 1060, 1074 (1989) ("'[w]ithout fi­nal­i­ty, the crim­i­nal law is de­prived of much of its deterrent ef­fect'").               In this case, defendant has failed to even pur­port he was not cul­pably negligent or exercised due diligence in bring­ing this petition before the court more than 12 years after his con­vic­tion.  He also failed to offer any evidence or even allege his first postconviction pro­ceed­ing was ­­­fundamentally unfair.  De­fen­

dant of­fered only the conclusory alle­ga­tion Broughton came for

ward only now be­cause he previ­ously re­lied on his false testi­mony to pre­serve a pris­on trans­fer he received in 1984.  In his affi­

da­vit, Broughton pro­vides no fur­ther en­lighten­ment as to his rea­

sons for waiting to recant almost a de­cade and a half after first tell­ing pris­on offi­cials he saw defendant commit the murder, other than to say he now real­ized he should not have tes­tified falsely at de­fendant's trial.  None of this ­shows de­fen­dant dili­

gent­ly­­­ pursued Broughton re­gard­ing his will­ing­ness to recant or that defen­dant could not have ob­tained Broughton's re­can­ta­tion years ear­lier.

During oral argument, our court pointedly queried whether defendant had adequately alleged the absence of culpable neglect in securing the recantation evidence.  Thereafter defen

dant filed both a motion to clarify a statement made at oral argument and a motion for leave to amend with a proposed amended supplemental petition for postconviction and postjudgment relief.  The motions, attachments, and proposed amendment were designed to be responsive to the questions raised at oral argument.  

The statutory requirement that an untimely postconviction petition allege—and demonstrate—the delay was not due to defendant's culpable negligence has been in effect for many years.  We view the inadequacy of the petition as far more than a pleading defect and deny both motions.

We granted defendant leave to file the supplemental authority of 
People v. Wright
, 189 Ill. 2d 1, 723 N.E.2d 230 (1999), and directed the State to file a response to the supple

mental authority.

In 
Wright
, the supreme court held the time limit set forth in the Act is a statute of limitations rather than a matter of jurisdiction and it is improper to address the timeliness of a postconviction petition for the first time on appeal.  
Wright
, 189 Ill. 2d at 9-12, 723 N.E.2d at 235-37.  In 
Wright
, the State moved to dismiss the defendant's second and amended petitions for postconviction relief.  Thus, in 
Wright
, the State had the oppor

tunity to present any appropriate issue to the trial court.  

In the case of defendant Boclair, the trial court dis

missed his petitions at stage one of the postconviction process.  The State had no opportunity to raise timeliness or culpable negligence issues in the trial court.  The issue of timeliness has now been raised on appeal.  It is our responsibility to make a 
de
 
novo
 assessment of the petition (
People v. Coleman
, 183 Ill. 2d 366, 387-89, 701 N.E.2d 1063, 1075 (1998)), ­­­­­­­­­­and nothing in 
Wright
 precludes us from considering whether the defendant's petition comports with the requirements of the Act.  Simply put, the petition was successive, untimely, and did not sufficiently allege the untimely delay was not due to defendant's culpable negligence.

III. CONCLUSION

In sum, we affirm the trial court's judgment sum­mari­ly dis­missing defendant's supplemental petition for postconviction and postjudgment relief.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.