(No. 42814.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EMANUEL WADE, Appellant.

*Opinion filed November 17, 1970.*

Ward, J., took no part.

John Bernard Cashion, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle, and Michael J. Goldstein, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Culbertson delivered the opinion of the court:

As the result of the death of his wife by shooting, defendant, Emanuel Wade, was charged by a two-count indictment returned to the circuit court of Cook County with the crimes of murder and voluntary manslaughter. Near the close of an ensuing jury trial the voluntary manslaughter

count was nol-prossed, and defendant was subsequently found guilty of murder and was sentenced to the penitentiary for a term of not less than 20 nor more than 25 years. On appeal to the appellate court, the judgment of conviction was affirmed. (71 Ill. App. 2d 202.) Thereafter, defendant filed a post-conviction petition, *pro se,* alleging the denial of constitutional rights on grounds, *inter alia,* that his counsel had not represented him adequately and that the State had knowingly used perjured testimony to secure his conviction. This petition was dismissed on motion of the State but, on appeal to this court, we reversed without opinion and remanded the cause for an evidentiary hearing. Docket No. 41402.

On remand new counsel was appointed to represent defendant, the *pro se* petition was abandoned and an amended petition was filed. In the latter it was alleged that defendant had been deprived of due process of law by the court's action in permitting the voluntary manslaughter charge to be nol-prossed after trial had started; by the failure of the court to hold a "meaningful" hearing in aggravation and mitigation; by the failure of defendant's counsel, the State's Attorney and the court to advise defendant that he had acted unreasonably in rejecting an offer of a light sentence in return for a plea of guilty on the manslaughter charge, and by prejudicial closing argument of the prosecutor. The amended petition was also dismissed on a motion of the State which set forth that the issues sought to be raised by the petition were not of constitutional stature, or, alternatively, that defendant had waived his claims and was barred from raising them under the doctrine of *res judicata,* by virtue of his failure to raise them on his appeal to the appellate court. It is from this order of dismissal that defendant has appealed.

The claim of defendant that he was denied due process by prejudicial argument of the prosecutor is clearly barred by the doctrine of *res judicata,* inasmuch as it was raised

and determined in the original appeal to the appellate court. That court, while finding that improper remarks had been made, concluded that they were not "so prejudicial that the defendant was deprived of a fair trial." (71 Ill. App. at 214.) And while we believe there is merit to the position of the State that the remaining claims sought to be alleged were waived by defendant's failure to raise them in the original appeal (see: *People* v. *Price,* 44 Ill.2d 332; *People* v. *Derengowski,* 44 Ill.2d 476), it is enough to say that none of them establish the denial of constitutional rights.

In support of the allegation that it was fundamentally unfair to permit the voluntary manslaughter count to be nol-prossed after trial had started, it is argued that the jurors might have been given the impression that they could only find defendant guilty of murder and that it was not permissible for them to find him guilty of a lesser included offense. But recourse to the record of defendant's trial, a source to which a trial court may properly look in determining the sufficiency of a post-conviction petition (*People* v. *Slicker,* 42 Ill.2d 307, 308), reveals that the unfairness contended for could not have occurred. The jury was fully instructed as to the lesser included offenses of voluntary and involuntary manslaughter, and were given forms of verdict in respect thereto as well.

Equally without constitutional dimension, even if accepted as true, are the allegations that the failure of the trial court to conduct a "meaningful" hearing in aggravation and mitigation was a denial of due process. As was pointed out in *People* v. *Fuca,* 43 Ill.2d 182, 185, in response to a comparable claim, the statute providing for a hearing in aggravation and mitigation does not stem from constitutional command nor confer constitutional rights. Furthermore, the amended petition is highly conclusional in this regard, and totally unsupported by affidavit or other matter. There is no allegation or showing of matters in mitigation which defendant was prevented from raising at the hearing.

Nor, in our opinion, was the denial of a constitutional right put in issue by the novel theory of the amended petition that there was a denial of due process because the court and counsel did not advise defendant that he acted unreasonably in rejecting an offer of a light sentence in return for a plea of guilty on the lesser charge. Even though it may now be recognized that defendant made a bad choice, it was a choice that only he could make. Neither the court nor counsel could make it for him and, assuredly, neither the State's Attorney nor the court could, with propriety, urge or advise an accused to forego his right to a jury trial by entering a plea of guilty. Having made his choice, defendant must abide by its consequences. *Cf., McMann* v. *Richardson* (1970), 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441, 1448; *Parker* v. *North Carolina* (1970), 397 U.S. 790, 25 L. Ed. 2d 785, 90 S. Ct. 1458, 1462.

· The judgment of the circuit court of Cook County dismissing the amended petition was correct and is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.