THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WADE EDSALL, Defendant-Appellant.

Fifth District   No. 78-76

Opinion filed July 19, 1979.

Michael J. Rosborough and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Defendant-appellant Wade Edsall was indicted for the offense of murder in St. Clair County. On August 25, 1977, during the second day of his jury trial, he moved to withdraw his plea of not guilty. After an exhaustive explanation of the defendant's rights, the court accepted the plea of guilty and entered judgment on the plea. No formal factual basis for the plea was presented as the court had already heard most of the State's case.

On October 14, 1977, when the case came on for sentencing, defense counsel presented to the court two motions prepared by the defendant. One of the *pro se* motions asked that a psychiatrist be appointed to examine the defendant, alleging that he had "a history of some type of mental disorder" and a drinking problem, and that an examination by a neurologist, a psychologist, and an electroencephalographer would be of substantial value "in the determination of issues of insanity." The other motion sought leave to withdraw the plea of guilty, alleging, *inter alia*, that he was not apprised of the full consequences of his plea by his attorney or the court; that he was coerced to plead guilty by his attorney; that no factual basis for the plea was presented; and that various of his constitutional rights had been violated. The court informed the defendant that his motions would be acted upon at a later date, and proceeded to sentence the defendant to a term of imprisonment of 50 to 150 years. After examining the entire record and considering all the circumstances, we find that there was a clear factual basis for defendant's guilty plea and that the court fully informed the defendant of the consequences of his plea. The requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402) were satisfied.

New counsel was appointed for the purpose of assisting the defendant in presenting his motions. On October 31, 1977, the defendant filed another *pro se* motion, styled "Motion for a New Trial and Vacating Judgment." That motion alleged, in addition to the allegations contained in the prior motions, that he had not been adequately represented by counsel; that his attorney had told him that he would receive medical treatment rather than imprisonment; and that imprisonment under the circumstances amounted to cruel and unusual punishment.

On December 2, 1977, a hearing was held on the motion to withdraw the guilty plea. Another motion had been filed in the interim by appointed counsel. That motion alleged that trial counsel had refused to call a witness who would have testified that the defendant was not the last

person seen with the victim prior to the murder. At the hearing, the defendant testified that his trial counsel had told him that if he pleaded guilty, he would be placed in a mental institution instead of prison; that counsel had misrepresented to him the impact of the possible testimony of the defendant's father and brother who had received grants of immunity from the State; that counsel had refused to present an insanity defense because it was too much work for the judge; and that counsel had told him that if he did not plead guilty, he would receive a long prison term. When the State called the defendant's trial counsel to the stand, he refused to testify until he was certain that the defendant had waived the attorney-client privilege. The defendant stated that he did not want his counsel to testify, so the trial court ruled that the attorney could not testify regarding any specific conversations he had with the defendant. Counsel was permitted to testify that he at no time coerced or threatened the defendant in any way into pleading guilty. He also testified that the witness to whom the defendant referred in his motion had been present and ready to testify at trial. The motion to withdraw the guilty plea was denied.

On appeal, the defendant contends that the attorney-client privilege was improperly applied at the hearing, that the court should have ordered an examination to determine his fitness before sentencing, and that the presentence investigation report was inadequate for failing to provide information concerning his mental condition.

■■ As to the first issue, the defendant argues that he had already waived the attorney-client privilege by testifying as to representations made by his trial counsel, and that he was prejudiced by the failure of counsel to testify. We must agree with the State, however, that although the attorney-client privilege probably was misapplied here, the defendant is certainly estopped from asserting the court's ruling as error. It is axiomatic that an accused cannot complain of error acquiesced in or invited by him. (*People v. Riley* (1964), 31 Ill. 2d 490, 202 N.E.2d 531.) It is a well-settled principle of law that an accused may not ask the court to proceed in a given manner and then assign as error in a court of review the ruling or action which he procured. (*People v. Heard* (1947), 396 Ill. 215, 71 N.E.2d 321.) Under the circumstances, the court did not abuse its discretion in refusing leave to withdraw the plea of guilty on the basis of the alleged coercion by, and inadequacies of, trial counsel for the defendant.

■■ As for the defendant's other two assertions, we think that they have been waived by the defendant's failure to include them in any of his motions and the failure to pursue them at the hearing on the motions. Supreme Court Rule 604(d) provides that any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the

judgment shall be deemed waived upon appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d).) Although the defendant did ask in one of his *pro se* motions that the court appoint a psychiatrist to examine him, the subject of his fitness to be sentenced was never raised in the motions or at the hearing. Similarly, the alleged inadequacy of the presentence investigation report was never brought to the trial court's attention. We therefore deem these issues to be waived on appeal.

Even if the alleged errors had been properly preserved, we do not think that the defendant could prevail. The facts of record before the trial judge were not sufficient to raise a bona fide doubt of the defendant's fitness to be sentenced, that is, his ability to understand the nature and purpose of the sentence. (See *People v. Willis* (1978), 64 Ill. App. 3d 737, 381 N.E.2d 799.) The court's failure to order, *sua sponte*, a psychiatric examination did not constitute an abuse of discretion.

For the foregoing reasons, the judgment and sentence of the Circuit Court of St. Clair County are affirmed.

Affirmed.

G. MORAN, P. J., and KASSERMAN, J., concur.