THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WADE EDSALL, Defendant-Appellant.

Fifth District   No. 79-410

Opinion filed March 17, 1981.

JONES, J., dissenting.

---

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Martin N. Ashley and Christopher S. Carrol, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Wade Edsall, appeals from an order of the circuit court of St. Clair County dismissing his amended petition for post-conviction relief.

Following a plea of guilty, judgment was entered finding petitioner guilty of the offense of murder, for which he was sentenced to a term of imprisonment of not less than 50 nor more than 150 years. However, immediately prior to sentencing on October 14, 1977, petitioner filed two *pro se* motions, one requesting that a psychiatrist be appointed to examine him and the other asking leave to withdraw his plea of guilty. These motions were denied on December 2, 1977. On appeal, the judgment and sentence were affirmed by this court. *People v. Edsall* (1979), 73 Ill. App. 3d 1020, 392 N.E.2d 772.

While petitioner's direct appeal was pending before this court, he filed *pro se* a petition for post-conviction relief for the purpose of "filling out the record and bringing to light facts" proving that his plea was accompanied by a substantial denial of his constitutional rights. Specific allegations were relied upon as indicating ineffective assistance of trial counsel. Counsel was appointed to represent petitioner and an amended petition was filed which repeated many of the allegations of the original petition and asserted additional grounds as indicating ineffective assistance of counsel. These new grounds as stated in paragraphs 6(a) and (b) of the amended petition are as follows:

"a.) That his retained attorney, James J. Gomric, failed to investigate grounds for, or raise an insanity or intoxication defense after facts supporting such a defense were presented to him and he was urged by Petitioner to follow said course.

b.) That Mr. Gomric failed to request a hearing to determine Petitioner's fitness to be sentenced when said attorney knew of his mental condition."

There are no affidavits in support of the factual allegations appended to

the amended petition. This absence is explained in paragraph 8 of the amended petition wherein it is stated that affidavits are precluded by the nature of the points raised in the amended petition. However, the amended petition was not filed without supporting documents. Attached to the amended petition are certain exhibits consisting of letters to the trial judge written by relatives of the petitioner. These letters attest to petitioner's defective mental health and request that the trial judge take steps to insure that petitioner receive adequate mental health care while incarcerated. Of particular significance is a letter written by petitioner's brother, Charles, which states in pertinent part:

"From the time we were young I always believed Wade wasn't 'right' or like me or the other kids.

\* \* \*

At a young age he also enjoyed torturing animals, mostly he tied them up, soaked them with gas and burned them. Of if he felt like it he buried them alive.

I was with him when we were 10-12 and he wanted to drop a kid off a viaduct to a road below to see if the kid would bounce.

When we were around 15, he actually hung one of our brothers in a tree with a rope around his neck. Luckily one of us came around minutes later and cut him down.

\* \* \*

These things and many more which I'd be glad to tell someone if they would take the time to listen, all lead me to believe Wade needs mental help, not just to be locked up without help.

Besides telling Mr. J. Gomric I've also called the Mental Health Center of St. Clair Co. \* \* \* for help for Wade."

The letter was filed less than a month after the judgment of guilty was entered against petitioner.

The State moved that the amended petition be dismissed; and the trial court, in dismissing the amended petition, engaged in the following colloquy with defense counsel:

"[Defense Counsel] JOHNSON: Your Honor you can file a petition for post-conviction relief while appeal is pending. It is clear that you can do that. You don't have to wait until the appeal is decided. And there are some issues here—

THE COURT: What effect would that have on his appeal? Some of those issues are not Constitutional grounds.

MR. JOHNSON: Oh, I think they are all are [sic], your Honor, most of them are. While some of them are raised on appeal, I think the ineffective assistance of counsel, if my recollection is correct, has not been raised on appeal and the Court could afford a hearing

to the defendant on this matter, and at that time if it is denied it could be joined with the present appeal going on.

THE COURT: If I deny it, at this time, then the Appellate Court is going to seize upon that as saying that the appeal is not brought properly and they won't consider it. They have done it on several occasions. In other words—

MR. JOHNSON: Motion to dismiss on the full hearing—

THE COURT: If I have a full hearing—the motion to dismiss, he can take right along if he thinks he has been wrong, he can take that right along with the regular appeal. No, I think this is brought prematurely. I think you should call the Court's attention to that. They look constantly for means to let somebody out, so call the Court's attention to it so they won't overlook it down there that I have allowed the motion to dismiss by the State's Attorney on the grounds it is brought prematurely, there being an appeal, full-scale appeal now pending before This Court.

Now, I don't know what those geniuses who occupy the Appellate Defender's Office have put in the petition, but it is my suggestion that a copy of your motion be sent to them so that they can include every grounds [sic] stated here in the petition that is now pending or notice of appeal is now pending before the Appellate Court. In other words, I think you would do your job just as well, and the Appellate Court can hear it all at one time. If they see fit to send it back, so be it."

On appeal, petitioner contends that the trial court erred in summarily dismissing the amended post-conviction petition for the sole reason that petitioner's direct appeal was currently pending before this court. Petitioner requests that we remand for an evidentiary hearing on the amended petition.

■■ The State contends that petitioner is precluded from asserting the issue of incompetence of trial counsel in a post-conviction proceeding for the reason that the issue could have been raised on direct appeal. It is well settled that issues are waived which could have been raised on direct appeal but were not, and they may not be raised in a post-conviction proceeding. (*People v. Owsley* (1978), 66 Ill. App. 3d 234, 383 N.E.2d 271.) After examining the record, we are of the opinion that the allegations presented in paragraphs 6(a) and (b) of the amended petition rely on certain facts not of record and, hence, were not subject to direct review. Paragraphs 6(a) and (b) of the amended petition allege incompetence of *counsel as manifested* by failure of counsel to investigate petitioner's mental status or request a fitness hearing prior to sentencing. The record is silent as to whether petitioner was mentally competent to plead guilty and be sentenced and, if not, to what extent his counsel was aware of

petitioner's mental condition. Answers to these questions are essential in assessing counsel's conduct during the proceedings, and they are best answered in a post-conviction proceeding. Accordingly, the issue of incompetence as expressed in paragraphs 6(a) and (b) properly could be raised in a post-conviction proceeding.

We find no provisions in the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) barring a trial court from considering a post-conviction petition while a direct appeal of petitioner's criminal conviction is pending. In the absence of such a provision, we conclude that a trial court's dismissal of a petition without an evidentiary hearing must be based upon the specific allegations appearing in the petition. It is apparent from the colloquy between the trial court and defense counsel that the dismissal was not predicated upon the allegations set forth in the amended petition, but upon the fact that a direct appeal was pending in this court.

■■ Next, the State argues that although the trial court articulated incorrect grounds for dismissing petitioner's post-conviction petition without an evidentiary hearing, the petition was correctly dismissed because it was not accompanied by supporting affidavits. Section 122—2 of the Act states:

> "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." (Ill. Rev. Stat. 1979, ch. 38, par. 122—2.)

As we previously have stated, the absence of any supporting affidavits is explained in paragraph 8 of the amended petition, in which it is stated that the nature of the allegations of the amended petition precludes the furnishing of affidavits. We conclude that the representation contained in paragraph 8 constitutes a satisfactory explanation of why no affidavits are attached to the petition. Further, we hold that the letters, particularly Charles Edsall's attached to the amended petition constitute evidence in support of the allegations contained in paragraphs 6(a) and (b) of the petition. These letters allege that defendant suffers from a mental disability and that the trial counsel was aware of this disability. Therefore, we hold that the amended petition substantially complies with section 122—2.

For the foregoing reasons, we reverse the order of the circuit court of St. Clair County and remand this cause for hearing on petitioner's petition for post-conviction relief.


Reversed and remanded.


HARRISON, J., concurs.

Mr. JUSTICE JONES, dissenting:

I respectfully dissent.

This court should hold defendant's post-conviction petition alleging incompetence of trial counsel is barred by *res judicata* and by waiver.

The opinion in the direct appeal reflects that in one of his *pro se* motions filed prior to sentencing defendant sought leave to withdraw the plea of guilty. In that motion he attacked the competency of his trial counsel by alleging that he had not been apprised of the full consequences of his plea by his attorney, and that he was coerced to plead guilty by his attorney.

A new attorney was later appointed to assist defendant in presenting his *pro se* motions. Defendant also filed another motion *pro se* styled "Motion for New Trial and Vacating Judgment." In that motion defendant specifically alleged that he had not been adequately represented by counsel. Defendant's newly appointed counsel filed a more elaborate motion in which an attack was made upon the quality of representation by defendant's trial counsel.

The foregoing matters were obviously in the record for the direct appeal for were it otherwise no mention of them could have been made in the opinion. Thus, it is also obvious that defendant could have raised the competency of counsel issue in his direct appeal. By failing to do so, he has waived that issue for a post-conviction petition. Although defendant purports to raise some issues in his post-conviction petition that were not of record during the direct appeal, it is obvious that they were matters that were known to him at the time and accordingly should have been included.

But the matter goes beyond the waiver stage. Language in the opinion on the direct appeal shows the competency issue was in fact presented to and decided by this court:

> "Under the circumstances, the court did not abuse its discretion in refusing leave to withdraw the plea of guilty on the basis of the alleged coercion by, *and inadequacies of*, trial counsel for the defendant." (Emphasis added.) 73 Ill. App. 3d 1020, 1022, 392 N.E.2d 772, 774.

This language of the opinion plainly shows that the matter of competency was raised and decided in defendant's direct appeal. The same issue which defendant presents in the post-conviction petition should be held to be barred by *res judicata*.

On the basis of *People v. Wade* (1970), 47 Ill. 2d 38, 264 N.E.2d 207, I would affirm.