THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LENZY WRIGHT, Defendant-Appellant.

Fourth District   No. 4—86—0513

Opinion filed April 30, 1987.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and William R. Brandstrader, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Following a plea of guilty to aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14), defendant was sentenced to a term of 10 years' imprisonment. No direct appeal was taken, but defendant filed a petition for post-conviction relief under the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 et seq.) The circuit court of Macon County ordered the matter docketed for further consideration under sections 122—4 through 122—6 of the Act (Ill. Rev. Stat. 1985, ch. 38, pars. 122—4 through 122—6). Upon motion by the State, the petition was dismissed without an evidentiary hearing.

On appeal, defendant alleges two errors: (1) the trial court erred in assigning the cause to a judge other than the judge who handled the original plea proceedings, and (2) the trial court erred in dismissing the petition without holding an evidentiary hearing.

■ The first issue may be dealt with summarily. The trial court followed the procedure stated in section 122—8 of the Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—8) in assigning the petition to a judge other than the judge who heard the matter originally. Section 122—8 was subsequently declared to be unconstitutional in *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501. Defendant argues that the trial

court erred in following the procedure of the unconstitutional statute. We rejected this same argument in *People v. Farmer* (1986), 148 Ill. App. 3d 723, 499 N.E.2d 710. For the same reasons announced in *Farmer*, we reject the argument here.

In order to deal with the second issue, we must provide some factual background.

On March 15, 1985, defendant pleaded guilty to aggravated criminal sexual assault. In return, three other related felony charges were dismissed. Also, a pending charge of driving while under the influence of alcohol was dismissed. Defendant received a 10-year sentence to run concurrently with a 5½-year sentence he had received earlier that week on a conviction for aggravated battery. Before accepting defendant's plea, the court questioned him pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402). The following colloquy appears in the record:

"THE COURT: All right. Let's go to the defendant. First of all, we have to determine if you understand [the plea agreement]. Do you think you understand it?

THE DEFENDANT: I do.

THE COURT: Secondly, we have to be sure since you're in custody of the sheriff that no one is forcing you into this plea agreement by physical abuse, mistreatment, threats, violence. So, my question to you is: Is anybody making you do this by beating on you, forcing you into it?

THE DEFENDANT: (Indicating 'no'.)

THE COURT: And, you're shaking your head, 'No.'

THE DEFENDANT: No, Your Honor.

THE COURT: We have to record these things.

THE DEFENDANT: I'm sorry.

THE COURT: Next, I have to make sure you won't say later, 'I didn't want to do this but my attorney forced me because he said I'm not going to help you in the trial,' or 'You've got to do it if you want my help,' that sort of thing. Is Mr. Geisler twisting your arm saying, 'You have to take this deal?'

THE DEFENDANT: No, Your Honor.

THE COURT: Do you have any questions you want to ask about it?

THE DEFENDANT: No, no questions.

THE COURT: All right."

The court found defendant made a knowing and voluntary plea. The court then determined that a factual basis existed for the charge. Defendant made no motion to withdraw the guilty plea, nor did he take a direct appeal.

On March 3, 1986, almost one year after he pleaded guilty, he filed his petition for post-conviction relief. He supported the petition with his own affidavit. The court made the preliminary determination required under section 122—2.1 of the Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) and ordered the matter docketed for further consideration. Counsel was appointed for defendant. The State answered by filing a motion to dismiss. Defendant, with counsel's help, filed an amended petition.

Defendant alleges two violations of his constitutional rights. First, defendant alleges that his plea was involuntary. He states that at the time he entered his plea, he was suffering severe pain from a heart condition. He alleges that Macon County refused to allow him to undergo major surgery at county expense. Therefore, he entered the plea of guilty in order to be transferred to the Department of Corrections and there receive medical treatment. He then states he underwent triple heart bypass surgery in September 1985, some six months after entering his plea. He claims his plea must be considered involuntary because it was made while he was suffering severe pain from his heart condition.

Second, defendant alleges he received ineffective assistance of counsel. He states his attorney told him that a proper defense to the charges of sexual misconduct could not be constructed due to adverse publicity. He also maintains that his attorney urged him to plead guilty because defendant could not pay him any more money. Defendant had retained private counsel for the original proceeding.

The State moved to dismiss. At the hearing on the motion, the court found the allegations of the petition were negated by the trial record and dismissed the petition. Defendant contends that the trial court erred in dismissing the petition without holding an evidentiary hearing.

■ ■ A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right. (*People v. Gaines* (1984), 105 Ill. 2d 79, 473 N.E.2d 868.) In order to obtain an evidentiary hearing, a petitioner must make a substantial showing of a constitutional violation. (*People v. Jones* (1977), 66 Ill. 2d 152, 361 N.E.2d 1104.) "A court may also properly dismiss a post-conviction petition if the record of proceedings at trial shows the petition to be nonmeritorious." (66 Ill. 2d 152, 157, 361 N.E.2d 1104, 1106.) While a motion to dismiss admits the allegations of the petition and questions only their sufficiency (*People v. Wilson* (1968), 39 Ill. 2d 275, 235 N.E.2d 561), the trial court may examine the record in order to determine the sufficiency of the petition (*People v. Wade* (1970), 47 Ill. 2d 38, 264 N.E.2d 207; *Peo-*

*ple v. Hicks* (1970), 44 Ill. 2d 550, 256 N.E.2d 823). Denial of an evidentiary hearing is discretionary with the trial court, and its decision will not be reversed absent an abuse of discretion. *People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 478 N.E.2d 31.

Defendant argues that the allegations in the petition raised matters which could not be resolved by an examination of the record, and, therefore, an evidentiary hearing was required. We disagree.

■ Based on our review of the record of the original plea proceeding, the trial court did not abuse its discretion in denying defendant an evidentiary hearing. The record negates both allegations of constitutional error. As to his claim of illness, defendant was asked about being coerced into pleading guilty because he appeared in the custody of the sheriff. He responded "no." Although this does not correspond to the exact allegation raised by defendant, the gist of the question contains the proper message. Defendant was asked whether the fact of his being in custody pressured him into pleading guilty. He responded in the negative. We find that this answer, combined with his other answers to the thorough questioning of the court, negates his claim of an involuntary plea. Moreover, we are not persuaded that his allegation, even if true, would make his plea involuntary. Defendant has not cited to us any case, nor have we found a case, that holds that a guilty plea entered into with the intention of obtaining free medical treatment is involuntary. The State pointed out that the county's obligation for major surgery extends only to those in a life-threatening emergency. Defendant's condition was treated, apparently successfully, some six months after his plea.

Neither are we persuaded by defendant's arguments regarding ineffective assistance of counsel. The allegation that adverse publicity prevents an effective defense does not rise to the level of ineffective assistance of counsel. Rather, this simply alleges that defendant's situation was difficult; counsel was being honest with his client.

The more serious allegation is that counsel threatened to withdraw unless defendant could pay him more money. This allegation, however, is directly negated by the record. The court specifically asked defendant if his attorney was pressuring him to accept the plea agreement:

"THE COURT: Next, I have to make sure you won't say later, 'I didn't want to do this but my attorney forced me because he said I'm not going to help you in the trial,' or 'You've got to do it if you want my help,' that sort of thing. Is Mr. Geisler twisting your arm saying, 'You have to take this deal?'

THE DEFENDANT: No, Your Honor.

Defendant's response indicated that he was not under pressure from his attorney to plead guilty.

The trial court's admonitions pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402) were thorough. Defendant's responses indicated his plea was made knowingly, willingly, and voluntarily. The record made at the time defendant entered his plea negates his claims of constitutional error. (See *People v. Harris* (1971), 50 Ill. 2d 31, 276 N.E.2d 327; *People v. Spicer* (1970), 47 Ill. 2d 114, 264 N.E.2d 181; *People v. Farmer* (1986), 148 Ill. App. 3d 723, 499 N.E.2d 710; *People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422.) The trial court did not err in dismissing the petition without an evidentiary hearing.

For the reasons stated above, the order of the circuit court of Macon County is affirmed.

Affirmed.

GREEN and KNECHT, JJ., concur.