James GORNICK, Petitioner-Appellant,

v.

James GREER, Warden, and Neil Harti-
gan, Attorney General of Illinois,
Respondents-Appellees.

No. 86–2458.

United States Court of Appeals,
Seventh Circuit.

Argued April 28, 1987.

Decided May 13, 1987.

John Munday, Lane & Munday, Chicago,
Ill., for petitioner-appellant.

Kevin Sweeney, Cook County State's
Atty. Office, Chicago, Ill., for respondents-
appellees.

Before BAUER, Chief Judge, and
CUMMINGS and FLAUM, Circuit
Judges.

FLAUM, Circuit Judge.

The only question before us is whether
habeas petitioner, James Gornick, has ex-
hausted his state court remedies on all his
claims as required by 28 U.S.C. § 2254(b).
*See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct.
1198, 71 L.Ed.2d 379 (1982). More specifi-
cally, the question is whether Gornick can
still raise any of his ineffective assistance
of counsel claims in a post-conviction pro-
ceeding in the state courts of Illinois. The
district court determined that the record in
Gornick's state trial was inadequate to
raise the ineffective counsel claims on di-
rect appeal and therefore those claims can
still be raised in a state post-conviction
proceeding. The district court therefore
held that Gornick failed to fully exhaust his
state court remedies and dismissed his fed-
eral habeas petition. We affirm.

In 1978, Gornick was convicted and sen-
tenced in the Circuit Court of Cook County,
Illinois on a charge of armed robbery of a
Jewel Food Store located in River Forest.
He was sentenced to thirty years' incarcer-
ation. Gornick subsequently filed a habeas
corpus petition in federal court and the
question of Gornick's exhaustion of his
state court remedies is now before us for
the fourth time. However, a detailed expli-
cation of our prior decisions, the substance
of petitioner's claims, and the facts con-
cerning Gornick's crime is unnecessary in
resolving the exhaustion question before
us.

The relevant facts for this appeal are
that Gornick claims his counsel at his state
criminal trial provided ineffective assist-
ance of counsel because she failed to (a)
pursue certain motions suggested by Gor-
nick; (b) present witnesses suggested by
Gornick; and (c) adequately investigate
witnesses. She also allegedly suppressed
exculpatory material contained in police
documents. These issues were apparently
presented to the state trial court in a *pro se*

supplemental motion for a new trial that was summarily denied by the trial court.[1] That motion, however, was not included in the appellate record for Gornick's direct appeal to the Illinois Appellate Court. On his direct appeal to the Illinois Appellate Court, Gornick argued other ineffective assistance of counsel claims, but not the claims contained in his supplemental new trial motion. The Illinois Appellate Court affirmed his conviction and the Illinois Supreme Court denied leave to appeal.[2] Gornick has never sought relief through post-conviction proceedings. *See* Ill.Rev.Stat. ch. 38, § 122–1 *et seq.* Gornick apparently did raise the pertinent issues in a state habeas corpus petition before the Illinois Supreme Court, but only jurisdictional issues (not the ineffective counsel issues raised by Gornick) can be properly raised in such a proceeding, *see People v. Stewart,* 66 Ill.App.3d 342, 23 Ill.Dec. 152, 161, 383 N.E.2d 1179, 1188 (1978), *cert. denied,* 441 U.S. 907, 99 S.Ct. 1998, 60 L.Ed.2d 376 (1979), so the state habeas petition can not be the basis of Gornick's having exhausted his state court remedies. *See generally Wallace v. Duckworth,* 778 F.2d 1215, 1220–25 (7th Cir.1985) (per curiam).

"The general rule in Illinois is that affirmance of a conviction on appeal acts as *res judicata* for purposes of a subsequent post-conviction proceeding concerning all issues that were raised or that could have been raised in that appeal." *People v. Montgomery,* 141 Ill.App.3d 428, 95 Ill.Dec. 733, 735, 490 N.E.2d 206, 208, *cert. denied,* — U.S. —, 107 S.Ct. 224, 93 L.Ed.2d 151 (1986). This rule has been applied strictly, virtually eliminating the post-conviction remedy for any prisoner who has taken a direct appeal. *See United States ex rel. Buckhana v. Lane,* 787 F.2d 230, 235 (7th Cir.1986); *United States ex rel. Williams*

*v. Brantley,* 502 F.2d 1383, 1385 (7th Cir. 1974). Thus, it is the rule of this circuit "that a petition for a writ of habeas corpus should be dismissed for failure to exhaust [the Illinois post-conviction] remedy 'only if there is direct precedent indicating that under the particular circumstances of a prisoner's case the waiver [and res judicata] doctrine[s] will be relaxed.'" *Perry v. Fairman,* 702 F.2d 119, 121 (7th Cir.1983) (quoting *Brantley,* 502 F.2d at 1386). The district court found such a "direct precedent" in *People v. Edmonds,* 79 Ill.App.3d 33, 34 Ill.Dec. 555, 558, 398 N.E.2d 230, 233 (1979), and *People v. Edsall,* 94 Ill.App.3d 469, 49 Ill.Dec. 923, 418 N.E.2d 943 (1981) (*Edsall II*).

In *Perry* we recognized that ineffective assistance of counsel claims often involve facts outside the record and therefore such claims can usually be raised in an Illinois post-conviction proceeding. 702 F.2d at 122–23 (collecting Illinois cases). More specifically, ineffective assistance of counsel claims involving failure to present certain witnesses or evidence generally meet the exception since they usually involve facts outside the trial record. *See Montgomery,* 95 Ill.Dec. at 735, 490 N.E.2d at 208; *Edmonds,* 34 Ill.Dec. at 558, 398 N.E.2d at 233; *People v. Turner,* 74 Ill.App.3d 840, 30 Ill.Dec. 400, 404, 393 N.E.2d 55, 59 (1979). These cases constitute "direct precedent" showing that at least one, if not all, of Gornick's ineffective counsel claims can still be raised in a post-conviction proceeding. Petitioner, however, argues that the fact that he raised the claims in his supplemental new trial motion and then failed to appeal the denial of that motion prevents him from raising these claims in a post-conviction proceeding. *Edsall II,* though, shows that factually undeveloped

---

1. The state court record only shows that a motion was denied. The record before the district court and this court contains a copy of a supplemental new trial motion that petitioner claims is the motion that was denied. Respondents question whether this is true. The district court, however, treated it as if it was an accurate copy. For the purposes of this appeal, we can assume that it is authentic.

2. Following our most recent decision involving petitioner, a habeas petition concerning an Oak Park robbery and conviction was consolidated with the River Forest case. Respondents do not argue that any of the claims concerning the Oak Park conviction are unexhausted. However, since challenges to the two convictions have been consolidated into one amended petition, if any claim is unexhausted the entire petition must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

*pro se* trial court motions, the denials of which are not appealed, will not bar an Illinois criminal defendant from raising those issues in a subsequent post-conviction proceeding. *Edsall II*, 49 Ill.Dec. at 470–72, 418 N.E.2d at 944–46.[3] *Edsall II* also shows that the Illinois courts will treat the various alleged errors of a purportedly incompetent counsel as separate and distinct claims. Thus, the fact that Gornick raised other ineffective assistance of counsel claims on direct appeal does not prevent him from raising those that have not yet been presented on direct appeal. We therefore agree with the district court that there is "direct precedent" establishing that Gornick still has a post-conviction remedy available. Since Gornick has not exhausted his state court remedies on all his claims, the district court correctly dismissed the habeas petition.[4] *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The judgment of the district court is AFFIRMED.

---

3. For a more detailed description of the pertinent facts in *Edsall II*, see *Edsall II*, 49 Ill.Dec. at 473, 418 N.E.2d at 947 (Jones, J., dissenting), and *People v. Edsall*, 73 Ill.App.3d 1020, 30 Ill. Dec. 117, 392 N.E.2d 772 (1979) (*Edsall I*).

4. We assume that Gornick will now return to state court to seek post-conviction relief as respondents suggest. Therefore we will be most disturbed if respondents turn around and argue in state court that a post-conviction petition is barred because Gornick did not appeal the denial of his *pro se* new trial motion.