THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT TUCKER, Defendant (The Department of Corrections, Defendant-Appellant).

Third District   No. 3—88—0111

Opinion filed January 24, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert Ruiz, Solicitor General, and Michele I. Lavin and Terence M. Madsen, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Edward F. Masters, State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The Department of Corrections (the Department) appeals from a trial court order directing it to pay the fees of an attorney appointed to represent the defendant, Robert Tucker, in his post-conviction petition. The defendant's petition arose out of his conviction for murdering a fellow inmate while incarcerated in the Department's Stateville Correctional Center. After the trial court dismissed the petition, appointed counsel filed a claim for $436.80 in attorney fees. The court ordered the County of Will to advance the fees to counsel and further ordered the Department to reimburse the county in full.

The Department acknowledges that under section 3—6—5 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1003—6—5), it is liable for the expenses of prosecuting inmates who commit crimes while incarcerated in any of the Department's facilities. (See *People ex rel. Conn v. Randolph* (1966), 35 Ill. 2d 24, 219 N.E.2d 337.) It argues on appeal, however, that the expense of an attorney appointed to represent an indigent defendant in a post-conviction proceeding is not an expense of prosecution and the Department therefore is not liable for it.

Section 3—6—5 of the Code of Corrections provides in pertinent part:

"When any person is charged with committing an offense while confined by the [Department of Corrections], *** [t]he expense of prosecution shall be paid by the Department." Ill. Rev. Stat. 1987, ch. 38, par. 1003—6—5.

The Department contends that the Criminal Code of 1961's definition of "prosecution" shows that the legislature did not intend to include post-conviction proceedings in "expenses of prosecution." Section 2—16 of the Criminal Code provides:

" 'Prosecution' means all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." (Ill. Rev. Stat. 1987, ch. 38, par. 2—16.)

The Department focuses on the word "liability," arguing that post-conviction proceedings do not determine a person's liability for a charged offense. Rather, they are new proceedings limited to a consideration of constitutional claims. (*People v. Vail* (1970), 46 Ill. 2d 589, 264 N.E.2d 201.) The Department also notes that in a post-conviction proceeding the defendant initiates the proceeding, not the State. Further, states the Department, the United States Supreme Court has held that post-conviction relief is not part of the criminal proceeding itself and is in fact considered to be civil in nature. *Pennsylvania v. Finley* (1987), 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990.

■ We find the Department's position unpersuasive. While post-conviction proceedings are often termed "civil in nature," in fact they do not fall strictly into the category of civil or criminal. (*People v. Wilson* (1967), 37 Ill. 2d 617, 230 N.E.2d 194.) In these proceedings, the defendant attacks the constitutionality of the underlying conviction (*People v. Derengowski* (1970), 44 Ill. 2d 476, 256 N.E.2d 455) and asks the trial court to enter a modifying order, including rearraignment, retrial, custody, bail or discharge. (Ill. Rev. Stat. 1987, ch. 38, par. 122—6.) The State's Attorney is actively involved in working to affirm the defendant's conviction. The defendant need not have exhausted his right of direct appeal before filing a post-conviction petition. *People v. Edsall* (1981), 94 Ill. App. 3d 469, 418 N.E.2d 943.

A post-conviction petition arises out of and is inextricably tied to the conviction. In fact, but for the underlying prosecution, there would be no post-conviction proceeding. The Kansas Supreme Court has pointed out the artificiality of distinguishing between the criminal case and the post-conviction attack. In *Stahl v. Board of County Com-*

*missioners* (1967), 198 Kan. 623, 426 P.2d 134, an attorney was appointed to represent an indigent prisoner on a post-conviction attack. A Kansas statute provided that the county was to pay the costs of defending indigent persons charged with crimes. The Kansas Supreme Court found that although the post-conviction proceeding was provided for in the civil code and was technically a civil proceeding, functionally, it was part of the total review process of the criminal cause from which the proceeding arose. Accordingly, the court ruled that the county should pay the costs of appointed counsel.

▪ Examination of the instant statute in light of the overall legislative purpose supports the conclusion that the expenses of post-conviction proceedings are the Department's responsibility. Section 3—6—5 is part of a larger statutory scheme to relieve counties of the financial burden of having State institutions located in them. For example, in counties in which State mental health institutions are located, the legislature provides additional funding for an assistant State's Attorney to help handle the increased work load. (Ill. Rev. Stat. 1987, ch, 53, par. 7(c).) Similar provisions are made for counties with State correctional institutions (Ill. Rev. Stat. 1987, ch. 53, par. 7(e)), and for counties with State senior institutions of higher education (Ill. Rev. Stat. 1987, ch. 53, par. 7(f)). Nothing in section 3—6—5 indicates that the legislature singled out the expenses of post-conviction proceedings and inexplicably determined that the counties should bear them.

We conclude that the legislature intended to include post-conviction petitions as an "expense of prosecution." We therefore affirm the order of the trial court assessing the post-conviction attorney fees to the Department.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.