48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Antione HOLLINS, Petitioner-Appellant,
v.
Richard B. GRAMLEY and Jim Ryan,**
Respondents-Appellees.
 No. 93-3803.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1995.*
Decided March 9, 1995.
 
 Before POSNER, Chief Circuit Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Antione T. Hollins ("Hollins"), appeals the district court's dismissal, without prejudice, of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. The district court dismissed Hollins' petition for failure to exhaust state court remedies. We affirm.
 
 
 2
 In 1988, Hollins was convicted by a jury of criminal sexual assault, aggravated criminal sexual assault, and unlawful restraint. Shortly after trial, and prior to his filing for direct review of his conviction, Hollins filed his first petition for post-conviction relief in state court. That petition was dismissed without prejudice as premature. Hollins eventually perfected his direct appeal, and on July 16, 1991, the Illinois Appellate Court affirmed Hollins' conviction and sentence. See People v. Hollins, 626 N.E.2d 432 (1991) (Table). Hollins never sought leave to appeal to the Illinois Supreme Court, instead on September 25, 1991 he filed a petition for habeas corpus pursuant to 28 U.S.C. Sec. 2254, and on June 4, 1992 he amended and refiled a second state petition for post-conviction review. That second state petition was still pending when the district court dismissed Hollins' Sec. 2254 petition for failure to exhaust state remedies.[1]
 
 
 3
 We review questions of law regarding the denial of a petition for a writ of habeas corpus de novo. Verdin v. O'Leary, 972 F.2d 1467, 1481 (7th Cir.1992). A federal court may consider a petition for writ of habeas corpus under Sec. 2254 only after the petitioner first presents his claims to a state court and exhausts his state remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); Jones v. Washington, 15 F.3d 671, 674 (7th Cir.1994). Exhaustion of state remedies is determined at the time that the petition for habeas corpus is filed. Verdin, 972 F.2d at 1493; United States ex rel. Johnson v. McGinnis, 734 F.2d 1193, 1196 (7th Cir.1984). Failure to exhaust state remedies will result in dismissal of the petition, Castille, 489 U.S. at 349; Rose v. Lundy, 455 U.S. 509, 522 (1982); Jones v. Washington, 15 F.3d 671, 674 (7th Cir.1994); Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.1991), cert. denied, 112 S.Ct. 387 (1992), unless "state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions," in which case the federal courts may waive the exhaustion requirement. Bartone v. United States, 375 U.S. 52, 54 (1963) (per curiam). An inordinate or unjustifiable delay for which the state is responsible is one such procedural obstacle allowing us to excuse the exhaustion requirement. Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981). In addition, we have held that a petition for a writ of habeas corpus should not be dismissed for failure to exhaust the Illinois post-conviction remedies unless "there is direct precedent indicating that under the particular circumstances of a prisoner's case the waiver [and res judicata] doctrines[s] will be relaxed. Mason v. Gramley, 9 F.3d 1345, 1347 (7th Cir.1993); Gornick v. Greer, 819 F.2d 160, 161 (7th Cir.1987); Perry v. Fairman, 702 F.2d 119, 121 (7th Cir.1983). The reason for this exception to the exhaustion requirement is that, in Illinois, affirmance of a conviction on direct appeal is res judicata for purposes of any post-conviction proceeding concerning all issues that were, or could have been raised, in that appeal, thereby rendering the state post-conviction proceedings futile. Gornick, 819 F.2d at 161.
 
 
 4
 The only constitutional claim which was raised in both Hollins' direct appeal and his post-conviction petition was the alleged ineffective assistance of trial counsel.[2] Ineffective assistance of counsel claims are not subject to the futility exception to Sec. 2254's exhaustion requirement because direct precedent provides that such claims, if they are based on newly discovered evidence, are not res judicata in Illinois post-conviction proceedings. Gornick, 819 F.2d at 161-62 (7th Cir.1987) (citing Perry, 702 F.2d at 122-23). Moreover, by failing to raise the issue of futility either before the district court or on appeal to this court, Hollins has waived that issue on appeal. See United States v. Towns, 913 F.2d 434, 438 n. 1 (7th Cir.1990); United States v. Whaley, 830 F.2d 1469, 1475 (7th Cir.), cert. denied, 486 U.S. 1009 (1988).
 
 
 5
 Instead, Hollins argues that the state's inordinate delay in processing his post-conviction petition justifies his failure to exhaust state post-conviction proceedings. We do not agree. It appears as though Hollins filed the his federal habeas petition before he filed his amended state post-conviction petition.[3] If Hollins could have shown that pursuing state post-conviction review would have been futile, he would been excused from Sec. 2254's exhaustion requirement. Mason, 9 F.3d at 1347; Gornick, 819 F.2d at 161. However, by electing to pursue state post conviction remedies he has chosen an alternative forum for review of his constitutional claims. It makes no sense to permit parallel state and federal proceedings at this time, and allowing the federal petition to proceed to an adjudication on the merits while Hollins' state post-conviction petition is pending would offend the notions of federal-state comity which underlie section 2254's exhaustion requirement. See Granberry v. Greer, 481 U.S. 129, 131 (1987); Fay v. Noia, 372 U.S. 391, 498 (1963).
 
 
 6
 Further, the procedural history of this appeal belies Hollins' argument that the state court has failed to take action on his post-conviction petition. On December 1, 1994, Hollins asked that we hold his appeal in abeyance because those state proceedings were continuing. The state circuit court has apparently ordered DNA testing performed on a sample of Hollins' blood. We denied Hollins' motion. Order of December 14, 1994.
 
 
 7
 Once the state proceedings, including all avenues of appeal, are concluded, Hollins will be free to file a petition for habeas corpus, but until that time his federal action is premature. For these reasons we AFFIRM the district court's dismissal, without prejudice, of Hollins' petition for a writ of habeas corpus.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that a "Statement as to the Need of Oral Argument" could be filed. See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Jim Ryan is substituted pursuant to Fed.R.App.P. 43(c)
 
 
 [1]
 The district court initially gave Hollins an opportunity to demonstrate that he had either filed a petition to appeal to the Illinois Supreme Court, or that the state circuit court had denied his post-conviction petition. When Hollins failed to do either, the district court dismissed Hollins' petition, without prejudice, for failure to exhaust available state court remedies
 
 
 [2]
 Hollins argued that by refusing to withdraw from further representation counsel violated his sixth amendment right to effective assistance of counsel
 
 
 [3]
 Hollins filed his Sec. 2254 petition on September 25, 1991, and thereafter refiled his amended state post-conviction petition in June of 1992